DELEET MERCHANDISING CORP., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deleet Merchandising Corp. v. Commissioner
Docket No. 3220-80
United States Tax Court
T.C. Memo 1982-310; 1982 Tax Ct. Memo LEXIS 430; 44 T.C.M. (CCH) 44; T.C.M. (RIA) 82310; June 7, 1982. Leonard A. Messinger, for the petitioner. Richard J. Sapinski, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: This case is before the Court on petitioner's motion for partial summary judgment [1] under Rule 121. [2] The question to be decided is whether or not respondent's deficiency notice was timely mailed within the period prescribed by section 6501(a) [3] with respect to the years 1966 to 1969. *431 Respondent determined that deficiencies in income taxes and additions to the tax under section 6653(b) were due from Deleet Merchandising Corp., as follows: Year
Deficiency
Addition to Tax
1966
$ 35,934.54
$ 19,586.84
1967
25,248.00
13,356.00
1968
36,314.01
39,275.82
1969
100,218.50
92,371.75
1970
126,235.41
63,117.71
1971
53,195.58
57,215.16
1972
7,544.68
Petitioner is a New Jersey corporation. Its principal place of business was in New Jersey at all times pertinent herein. It timely filed its original income tax returns for 1966 to 1969. Then, on August 9, 1973, it filed amended returns for 1966 to 1969. The amended returns were not fraudulent. On December 14, 1979, respondent mailed to petitioner his notice of deficiency for 1966 to 1969 and the other years set out above. He mailed the notice of deficiency more than three years after the petitioner's amended returns for 1966 to 1969 were filed. However, he had not requested, and petitioner had not executed an extension pursuant to section 6501(c)(4) with respect to 1966 through 1969 extending the three-year period provided by section 6501(a). [4]
*432 Petitioner asserts that upon its filing on August 9, 1973, of nonfraudulent amended returns for the taxable years 1966 to 1969 the three-year statute of limitations under section 6501(a) commenced to run. It notes that respondent issued to it his notice of deficiency more than three years after it filed its amended returns. From this, it concludes that respondent's assessments of the deficiencies and additions to tax for 1966 to 1969 are barred by section 6501(a) as a matter of law. Accordingly, it asks us to grant its motion for partial summary judgment with respect to 1966 through 1969. Respondent contends that his assessments of the deficiencies and additions to tax for 1966 to 1969 are not necessarily barred by section 6501(a). He claims that there are genuine issues of material fact in this case, such as whether petitioner's original return for 1969 was fraudulent. Thus, he concludes that we must deny the petitioner's motion for partial summary judgment since we cannot render a decision as a matter of law. The issue and facts in this case are indistinguishable from those presented in Kramer v. Commissioner, a Memorandum Opinion of this Court dated June 7, 1982. *433 There we decided that the taxpayers' filing of nonfraudulent amended returns commenced the three-year statute of limitations under section 6501(a). Since the respondent in Kramer v. Commissioner,supra, issued his deficiency notice more than three years after the taxpayers filed their amended returns, we held that he was barred from assessing deficiencies against them. This result was compelled by our decision in Klemp v. Commissioner,77 T.C. 201 (1981). For the reasons discussed in Kramer v. Commissioner,supra, we find that petitioner herein is entitled to a decision in its favor as a matter of law. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Motions for partial summary judgment were heard together at the February 16, 1982, Newark, New Jersey, trial session in the following cases: Harvey Kramer and Minna Kramer, Docket No. 3218-80; Elliott Liroff and Evelyn Liroff, Docket No. 3219-80; Joseph Derfel and Barbara R. Derfel, Docket No. 3221-80; Richard B. Liroff and Harriet Liroff, Docket No. 3222-80. These cases have not been consolidated. Separate, but identical, motions and briefs were filed in each docket. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided. ↩
3. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
4. An uncontroverted affidavit to this effect is attached to petitioner's motion for partial summary judgment. Extensions were apparently executed for the other years covered by the notice.↩